Douglas Ernesto **FLORES, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 14–94–00569–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 20, 1997.

---

Christopher M. Flood, Matt Hennessy, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant, Douglas Ernesto Flores, pleaded not guilty before a jury to the offense of resisting arrest. Tex.Penal Code Ann. § 38.03 (Vernon 1994).[1] He was convicted, and the trial court assessed punishment at ninety days confinement in the Harris County Jail, probated for 180 days, and a $500.00 fine. In six points of error, appellant complains the trial court erred in denying his motion to suppress, failing to instruct the jury under Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp.1994) and Tex.Penal Code Ann. § 9.31(c), and improperly limiting the cross-examination of the arresting officer. Because we conclude the trial court erred by not instructing the jury on the law of self-defense, we reverse the judgment of the trial court and remand the case for a new trial.

## BACKGROUND

Appellant was charged with resisting arrest following an incident that occurred outside St. Luke's Episcopal Medical Towers. At trial, Officer Robert Morales testified he was directing traffic outside the hospital when appellant drove past him, yelled an obscenity, and made an obscene hand gesture. Appellant then pulled his car into the hospital parking lot. Morales stated that after he returned to the sidewalk, appellant approached him and directed more profane language at the officer. Morales told appellant he was under arrest for using abusive language.[2]

Morales further testified that when he told appellant he was under arrest, appellant responded with more profanity. He then grabbed appellant's arms, and appellant pushed Morales away. After a brief struggle, Morales managed to handcuff appellant.

Appellant's account of the incident differs from Morales'. Appellant testified he did not make an obscene hand gesture, and he used profane language only in response to obscenities Morales directed towards him. He further stated that after Morales told him he was under arrest, Morales grabbed him, turned him around, and lifted his arms high behind his back.

Before the case was submitted to the jury, defense counsel submitted a proposed jury instruction which tracked the language of the self-defense statute. See Tex.Penal Code Ann. § 9.31(c). The proposed instruction also contained the appropriate language concerning reasonable doubt and applied the language to the facts of appellant's case. The trial court refused to submit the self-defense instruction to the jury, and appellant was convicted of resisting arrest. This appeal follows.[3]

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. See Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.18(b), 1993 Tex.Gen.Laws 3586, 3705. Therefore, all references to the penal code are to the code as in effect at the time the crime was committed.

2. Although Morales testified that appellant was initially arrested for using abusive language, the State contends the surrounding facts indicate that appellant was initially arrested for disorderly conduct. See Tex.Penal Code Ann. § 42.01(a), (c).

3. In its brief, the State argues that because the record does not contain a statement of facts from the punishment stage of trial, appellant has waived his right to appeal. See DeGarmo v. State, 691 S.W.2d 657 (Tex.Crim.App.), cert. denied, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985). At oral argument, appellant's counsel maintained that no formal hearing was conducted in which evidence or argument regarding appellant's punishment was considered. In the interest of justice, this Court abated this appeal and ordered the trial court to hold a hearing to determine whether a punishment hearing was held in this case. See Tex.R.App.P. 53(m). After reviewing the statement of facts from that hear-

## ANALYSIS

In his fifth point of error, appellant contends the trial court erred by refusing to submit his requested instruction on the law of self-defense.[4] Specifically, appellant claims there was sufficient evidence to show that his resistance, if any, was justified in light of Morales' prior use of excessive force.

When reviewing for error in the jury charge, we undertake a two-step analysis. First, we must determine whether error exists in the charge. *LaPoint v. State,* 750 S.W.2d 180, 191 (Tex.Crim.App.1986) (op. on reh'g). Second, if error exists, we must determine whether sufficient harm was caused by the error as to require reversal. *Id.*

The well established rule is that when evidence from any source raises a defensive issue, and the defendant properly requests a jury charge on that issue, the trial court must submit the issue. *Muniz v. State,* 851 S.W.2d 238, 254 (Tex.Crim.App.), *cert. denied,* 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *see also* TEX.PENAL CODE ANN. § 2.03(d). In determining whether to give the instruction, the trial court must not weigh the credibility of the defensive evidence. *Booth v. State,* 679 S.W.2d 498, 500 (Tex.Crim.App.1984). It is the jury's responsibility, as trier of fact, to determine whether to accept or reject the defensive theory. *Id.* The character of the evidence, whether it is strong, feeble, contradicted, or unimpeached, cannot be the basis upon which the proposed jury instruction is denied. *See id.*

■ Although much of the testimony conflicts, the record indicates that appellant did not exercise force against Morales before Morales grabbed appellant's arms. At trial, appellant testified, in part:

DEFENSE COUNSEL: Now, when he [Morales] responded to you or actually when he approached you and said, "You motherfucker," you responded with, "No,

you are a motherfucker." What happened then?

APPELLANT: He opened his jacket. He [said], "I am a police officer; you are under arrest." That's when he grabbed me. He turned me around. He put, you know, the left arms real hard right there. He put me against the wall, St. Luke's Professional Building wall.

DEFENSE COUNSEL: Back up a minute. He grabbed you after he said,[ "]I am a police officer?["]

APPELLANT: Right.

DEFENSE COUNSEL: And you are under arrest?

APPELLANT: He said, ["]You are under arrest.["]

DEFENSE COUNSEL: Did he grab both arms or just one arm?

APPELLANT: He grabbed the left arm; then he got the right one. He put them [sic] really hard like that.

DEFENSE COUNSEL: Did you ever pull away from him?

APPELLANT: No, sir.

DEFENSE COUNSEL: Did you ever hit him in the chest?

APPELLANT: No, sir.

Morales' testimony also indicates that appellant forcibly resisted arrest only after he grabbed appellant's arms. The question, therefore, is whether there was some evidence which showed that Morales applied excessive force prior to the time appellant resisted arrest. If there was such evidence, the jury should have been allowed to consider those facts under the law of self-defense. *See Semaire v. State,* 612 S.W.2d 528, 530 (Tex.Crim.App.1980); Tex.Penal Code Ann. § 9.31(c).

Ordinarily, evidence that a police officer grabbed a suspect's arms, in itself, would not

---

ing, it appears that appellant's punishment was assessed pursuant to an agreed order and that no punishment hearing was conducted in this particular case. We therefore find that we have the entire appellate record before us. Accordingly, we proceed with our review.

4. The penal code states that the use of force to resist an arrest is justified: (1) if, before the

person being arrested offers any resistance, the peace officer uses or attempts to use greater force than necessary to make the arrest, and (2) when and to the degree such person reasonably believes the force is immediately necessary to protect himself against the peace officer's use or attempted use of greater force than necessary. TEX.PENAL CODE ANN. § 9.31(c).

be sufficient to show the officer used excessive force to effect an arrest. In the present case, however, appellant testified that when Morales grabbed his arms, Morales lifted appellant's arms high behind his back. Appellant testified this was painful and that his shoulder was injured as a result of the force Morales applied.

Dr. Michael Coburn testified that he examined appellant immediately after his arrest.[5] He also reviewed appellant's hospital records which showed that appellant's shoulder was dislocated when appellant arrived at the emergency room. Dr. Coburn stated that appellant's shoulder injury was compatible with appellant's testimony that his arms were lifted high behind his back.

Based on the above testimony, we believe the jury could have inferred that appellant forcibly resisted arrest only after Morales applied excessive force. We therefore find the evidence sufficient to raise an inference that appellant resisted only in self-defense. Of course, we express no opinion as to whether Morales, in fact, used excessive force to arrest appellant. That is a matter for a jury to decide. The issue is whether the jury should have been instructed on the law of self-defense. Because excessive force and self-defense were raised by the evidence, appellant was entitled to his requested instruction.

■ We now address whether appellant was harmed by the trial court's failure to give the requested instruction. In cases where a trial court refuses to give an instruction on a defensive issue raised by the evidence, reversal is required unless the error is harmless. *Abdnor v. State,* 871 S.W.2d 726, 732 (Tex.Crim.App.1994). Any resulting harm, regardless of degree, is sufficient to require a reversal of the conviction. *Id.* However, to be entitled to a new trial, the appellant must persuade the reviewing court that he suffered some actual harm as a consequence of the charging error. *Id.*

■ In the present case, the record indicates that appellant relied heavily upon the theory that his resistance, if any, was justified. During his opening statement, defense counsel informed the jury the evidence would show that when Morales went to arrest appellant, "he dislocated his [appellant's] shoulder or close to it...." Moreover, as detailed above, defense counsel elicited testimony which supported appellant's claim of Morales' prior use of excessive force.

Appellant presented sufficient evidence which arguably could have led the jury to conclude that his resistance to the arrest was justified. Such a finding would have entitled appellant to an acquittal. *See* TEX.PENAL CODE ANN. § 9.31(c). Given that possibility, we cannot conclude that the trial court's refusal to instruct the jury on the issue of self-defense was harmless. We sustain appellant's fifth point of error. Because we have found reversible error, we need not address appellant's remaining points of error.

The judgment of the trial court is reversed, and the case is remanded for a new trial.

■

5. The record indicates that after his arrest, appellant was taken to Ben Taub Hospital where he received emergency surgery. Dr. Coburn, a urologist, testified he performed surgery to relieve bleeding and swelling of appellant's left testicle. Dr. Coburn also testified the damage to appellant's testicle was caused by significant blunt force trauma.