NO. 07-04-0329-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 5, 2005
_____

FRANKLIN SCOTT GODDARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3409; HON. RON ENNS, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant, Franklin Scott Goddard, appeals his conviction for aggravated assault upon a public servant. His sole issue involves whether the trial court erred in refusing to instruct the jury on self-defense. He contends that he was entitled to such an instruction because evidence appeared of record indicating that appellant defended himself because the arresting officer used excessive force in attempting to arrest him. We overrule the issue and affirm the judgment.

## Background

Appellant admitted to depositing a couch belonging to his ex-wife in the street along a curb in front of a house in which she purportedly lived. He did this because she did not come home the night before and despite the fact that they were no longer married. Two officers later encountered him at his mother's home and directed him to remove the item from the street. After a verbal exchange between appellant and the officers, he agreed to comply with their request. Upon returning to the site, he noticed that his ex-wife and others had already removed the couch from the street and placed it in the bed of a pick-up truck. Informing her that the officers had directed *him* to remove the couch from the street, he proceeded to extract it from the pick-up. His ex-wife objected, and profane language was uttered. At that point, according to appellant, an officer "[f]or no reason . . . grabbed [his] arm." Purportedly, nothing was said by the officer before he did this.

Appellant also testified that after his arm was grabbed, he "spun" away from the officer's grasp and informed the officer that he had directed appellant to "get the couch." The officer replied by directing appellant to "get down on the ground, you're under arrest." Appellant admitted that he refused to comply with that directive and continued to refuse because he "had jobs to do."

The officer had previous knowledge of prior family disputes between appellant and his ex-wife. And, at the time he approached appellant, he had decided to arrest him for disorderly conduct. Yet, appellant refused his directives to lay on the ground or place his hands behind his back. Consequently, the officer's efforts to effectuate the arrest continued and involved the use of force and mace. Eventually, appellant succeeded in fleeing the scene and proceeding to his mother's house. At the latter, he obtained a firearm

2

and pointed it at one of the officers who followed him. The officers ultimately succeeded in arresting him at that locale.

### Self-Defense

One is not at liberty to use force to resist an arrest, even if the arrest may be considered unlawful. TEX. PEN. CODE ANN. §9.31(b)(2) (Vernon 2003). However, there exists an exception to this rule; it permits the use of force when the officer uses or attempts to use greater force than that necessary to make the arrest and the accused reasonably believes the force is immediately necessary to protect himself. *Id.* §9.31(c). More importantly, the officer's use or attempted use of excessive force must occur "before the [accused] offers any resistance." *Id.* §9.31(c)(1).

Here, appellant argues that he was entitled to the instruction on self-defense because the officer used greater force than necessary when grabbing appellant's arm. Furthermore, his efforts to resist arose in response to that act. Appellant did not testify that he felt pain or suffered injury when the officer grabbed his arm. Nor does the record reflect that he did. Similarly absent is evidence describing the amount of pressure exerted by the officer while gripping appellant; yet, it is clear that irrespective of whatever it was, the force was not enough to prevent appellant from extricating himself by simply spinning around. In short, the evidence of record merely illustrates that the officer grabbed appellant's arm without prior warning.

One cannot ignore the fact that the statute permitting an individual to protect himself during an arrest authorizes such conduct when the force exerted by the officer is "greater" than that necessary. In other words, an officer is allowed to use some force, just not excessive force. Furthermore, the mere act of grabbing a suspect's arm or arms has been

3

held not to constitute excessive force. *Szumny v. State*, No. 13-97-902-CR, 1999 LEXIS 7277 at 8 (Tex. App.–Corpus Christi, September 30, 1999, pet. ref'd) (not designated for publication); *Flores v. State*, 942 S.W.2d 735, 737-38 (Tex. App.–Houston [14th Dist.] 1997, no pet.). Given this and the absence of any evidence illustrating that the pressure exerted by the officer was sufficient to cause pain or injury, *see Flores v. State*, 942 S.W.2d at 737-38 (holding that there existed a fact question entitling the defendant to an instruction because the manner in and force with which the officer grabbed Flores caused Flores to suffer pain and a dislocated shoulder), we cannot say that the trial court erred in refusing to instruct the jury on self-defense. *See Ferrel v. State,* 55 S.W.3d 586, 591 (Tex. Crim. App. 2001) (stating that only when there exists evidence raising the issue of self-defense is the defendant entitled to an instruction).

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice


Publish.


4