ACCEPTED
01-14-00618-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 2:27:36 PM
CHRISTOPHER PRINE
CLERK

## NOS. 01-14-00618-CR & 01-14-00619-CR

## IN THE FIRST COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/25/2015 2:27:36 PM
CHRISTOPHER A. PRINE
Clerk

## HOUSTON, TEXAS

## DENNIS STEELE, APPELLANT
## V.
## THE STATE OF TEXAS, APPELLEE

## BRIEF FOR THE STATE OF TEXAS

CAUSE NUMBERS 13CR3049 & 13CR3050
IN THE 56th JUDICIAL DISTRICT COURT
OF GALVESTON COUNTY, TEXAS

ATTORNEYS FOR THE STATE OF TEXAS

REBECCA KLAREN      ASSISTANT CRIMINAL DISTRICT ATTORNEY
STATE BAR NO.  24046225

JACK ROADY      CRIMINAL DISTRICT ATTORNEY

600 59TH STREET, SUITE 1001
GALVESTON TX 77551
(409) 770-6004, FAX (409) 621-7952
rebecca.klaren@co.galveston.tx.us

ORAL ARGUMENT WAIVED

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Presiding Judge | Honorable Lonnie Cox |
| Appellant | Dennis Steele |
| Appellee | The State of Texas |
| Attorney for Appellant | James Dennis Smith |
| (Trial Only) | Houston, Texas |
| Attorney for Appellant | Daniel Lazarine |
| (Appeal Only) | Houston, Texas |
| Attorney for State | Elizabeth Cuchens & Kayla Allen |
| (Trial Only) | Galveston, Texas |
| Attorney for State | Rebecca Klaren |
| (Appeal Only) | Galveston, Texas |

# TABLE OF CONTENTS

SECTION                                                                    PAGE

Identity of Parties and Counsel                                              ii

Table of Contents                                                           iii

Index of Authorities                                                         vi

Summary of the Argument                                                      2

Statement of Facts                                                          3

    I.       Steele's Drunk Driving & Arrest                3

    II.      Steele Assaulted Two Public Servants            4

    III.    Conviction & Punishment                         8

First Issue                                                                 10

A court must provide a lesser included offense instruction if the lesser offense's elements are proven by the same or less facts; if the injury is less serious; requires a less culpable mental state; or is an attempt of the greater offense.

How'd the Court err by refusing the instruction when resisting arrest isn't a lesser offense of assault on a public servant because resisting requires three elements that differ from the greater offense?

    Argument and Authorities                                     10

    I.       Standard Of Review Jury Charge Error            10

    II.      Lesser Included Offense Relevant Law            10

    III.    The Elements Are Not The Same: Resisting Arrest Is Not A Lesser Included Offense Of Assault On A Public Servant            12

IV.     Conclusion: Overrule                                              14

Second Issue                                                              16

A court must provide a self-defense instruction if the defendant shows before he resisted an arrest or search, the officer used or attempted to use greater force than necessary.

How'd the Court err by refusing the instruction when Steele was already under arrest and wasn't being searched when he fought the officers and there was no evidence of unnecessary force?

Argument and Authorities                                                  16

I.      Self-Defense Relevant Law                                         16

II.     Steele Was Not Entitled To A Self-Defense Instruction            17

A.  Self-defense doesn't apply to Steele because he was already arrested when he assaulted the officers                                17

B.  Steele presented no evidence the officers used unnecessary force before he assaulted them                                      19

III.    Conclusion: Overrule                                              21

Third Issue                                                               22

Insufficient evidence only applies to the essential elements of the offense. The State only has to prove at trial that the victim is the same as in the indictment. The name isn't an essential element.

Viewing the evidence in the light most favorable to the verdict, Officer Cisneros testified Steele assaulted him. The officers identified Cisneros as the victim.

How's the evidence insufficient?

Argument and Authorities                                                  22

I.      Standard Of Review For Sufficiency Of The Evidence              22

II. The Name Isn't An Essential Element Of Assault On A
Public Servant      23

III. The Evidence Proves Steele Assaulted The Victim Named
In The Indictment      24

IV. Conclusion: Overrule      26

Conclusion and Prayer      27

Certificate of Service      28

Certificate of Compliance      28

# INDEX OF AUTHORITIES

## CASES

*Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) ...................................10

*Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009)........................................10

*Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012) .....................................12

*Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013) ..........................................10

*Dunklin v. State*, 194 S.W.3d 14, 22 (Tex. App.---Tyler 2006, no pet.) ........................14

*Fuller v. State*, 73 S.W.3d 250, 252 (Tex. Crim. App. 2002). ................................. 23, 24

*Garcia v. State*, No. 01–05–01055–CR, 2006 WL 2885057, at *6 (Tex. App.---Houston [1st Dist.] Oct. 12, 2006, pet. ref'd)..................................................................... 13, 14

*Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011)..........................................23

*Gilmore v. State,* 44 S.W.3d 92, 96 (Tex. App.---Beaumont 2001, pet. ref'd) ...............14

*Goddard v. State,* 154 S.W.3d 231, 231 (Tex. App.---Amarillo 2005, no pet.) ...............20

*Gonzales v. Kelley,* No. 01–10–00109–CV, 2010 WL 2650615 (Tex. App.---Houston [1st Dist.] 2010, no pet.) .........................................................................................20

*Hall v. State,* 225 S.W.3d 524, 528 (Tex. Crim. App. 2007) ................................... 11, 12

*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). .......................................23

*Johnson v. State*, 07-09-00251-CR, 2011 WL 677347, at *2 (Tex. App.---Amarillo Feb. 25, 2011, pet. ref'd).................................................................................................13

*Johnson v. State*, 364 S.W.3d 292, 295 (Tex. Crim. App. 2012). ...................................24

*Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012) ........................................10

*Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009)..................................23

*Medford v. State,* 13 S.W.3d 769, 773 (Tex. Crim. App. 2000). .....................................18

*Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998)................................................11

*Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)...........................................10

*Petersen v. State*, 01-11-00740-CR, 2012 WL 2106720, at *1 (Tex. App.---Houston [1st Dist.] June 7, 2012, no pet.) ........................................................................................14

*Porteous v. State*, 259 S.W.3d 741, 747-48 (Tex. App.---Houston [1st Dist.] 2007, no pet.). ......................................................................................................... 17, 21

*Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011) ..........................................12

*Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993) .............................11

*Threadgill v. State,* 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). .................................11

*Wortham v. State,*412 S.W.3d 552, 555 (Tex. Crim. App. 2013)....................................12

*Yarian v. State*, 2-04-015-CR, 2005 WL 852156, at *2 (Tex. App.---Fort Worth Apr. 14, 2005, pet. struck) ........................................................................................................19

*Young v. State*, 622 S.W.2d 99, 100 (Tex. Crim. App. 1981)..........................................19

## STATUTES

TEX. CODE CRIM. PROC. art. 15.22. ...............................................................................18

TEX. CODE CRIM. PROC. art. 37.09 ...............................................................................11

TEX. PENAL CODE § 1.07 (41)(A)...................................................................................24

TEX. PENAL CODE § 22.01(a)(1), (b)(1)........................................................... 13, 14, 24

TEX. PENAL CODE § 38.03(a)................................................................................ 13, 14

TEX. PENAL CODE § 9.31(c)(1)...................................................................................17

TEX. PENAL CODE § 9.31(c). ....................................................................... 17, 18

TEX. PENAL CODE §49.01(2)(A) ..................................................................................4

NOS. 01-14-00618-CR & 01-14-00619-CR

IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

DENNIS STEELE, Appellant
V.
THE STATE OF TEXAS, Appellee

Appealed from the 56th Judicial District
Court of Galveston County, Texas
Cause Nos. 13CR3049 & 13CR3050

BRIEF FOR THE STATE OF TEXAS

TO THE HONORABLE COURT OF APPEALS:

Now comes Jack Roady, Criminal District Attorney for Galveston County, Texas,

and files this brief for the State of Texas.

There is a one volume Clerk's Record for each cause number. They are referred to in the State's Brief as "C.R. 3049: page" or "C.R. 3050: page". The Reporter's Record is multiple volumes and is referred to as "R.R. volume number: page".

## SUMMARY OF THE ARGUMENT

Dennis Steele raises three issues in attempt to secure a reversal of his two assault on a public servant convictions. First, he argues the Trial Court erred by refusing to include a jury instruction that resisting arrest is a lesser included offense of assault on a public servant. The Trial Court didn't err because the elements required to prove resisting arrest are different than the elements required to prove assault on a public servant.

Second, Steele argues the Trial Court erred by not including a self-defense against unnecessary force instruction in the jury charge. Steele wasn't entitled to the instruction because it applies only to arrests and searches. Steele was already under arrest when he assaulted the officers and the officers weren't searching him. Additionally, Steele didn't show the officers used unnecessary force before he resisted.

Third, Steele argues the evidence was fatally insufficient because the victim didn't testify his first name began with an "E". The victim's name is not an essential element of the offense. The State was required to prove that the victim alleged in the indictment is the same person as the victim proved at trial. The State met its burden.

All of Steele's issues should be overruled.

## STATEMENT OF FACTS

## IV.  **Steele's Drunk Driving & Arrest**

Around 5 p.m. on a November afternoon, Dennis Steele drove his car through a construction barricade, onto freshly poured concrete, and into a dirt berm.[1] Steele's engine caught on fire, but he didn't get out of the car.[2] Instead, construction workers went up to his car and tried to get him out.[3] Steele was unaware of what was going on.[4] Steele's doors were locked and his window was up.[5] At some point, Steele opened the door.[6] The construction superintendent testified Steele was obviously intoxicated, he couldn't stand, and smelled of alcohol when he got out of the car.[7] Witnesses called 911.[8]

When Officer Berg arrived at the wreck, he took Steele into custody for suspicion of drunk driving.[9] He cuffed Steele and put him in the back of his police car while he interviewed witnesses.[10] Officer Berg brought Steele to the Texas City Jail and then into the DWI interview room.[11] Steele completed three intoxication tests and consented to a

---

[1] R.R. III: 139, 141-42.
[2] R.R. III: 142-44.
[3] R.R. III: 144-45.
[4] R.R. III: 144.
[5] R.R. III: 144.
[6] R.R. III: 145.
[7] R.R. III: 146-47.
[8] R.R. III: 146.
[9] R.R. III: 151, 159.
[10] R.R. III: 159.
[11] R.R. III: 160-61, 165.

breath test.[12] Steele blew .223 and .208[13]---well over twice the legal limit.[14]

Officer Berg testified Steele didn't get combative with him in the DWI investigation room.[15] Although, the officer had to tell Steele several times where to stand[16] and Steele kept going into the storage closet looking for something.[17] Based on his odd demeanor, Officer Berg put Steele in a holding cell, rather than the drunk tank, until Steele's booking could be completed.[18]

## V.    **Steele Assaulted Two Public Servants**

Officer Berg testified after he left Steele, he went on his lunch break.[19] Before the officer could finish eating, he and all other officers were sent back to the jail because Steele was fighting.[20] Berg told the jury when he returned to the jail, Steele's demeanor had completely changed.[21] He was screaming and was very upset.[22]

Detention Officer Jackson (a petite female)[23] testified that she was working with Detention Officer Owens the evening Steele was brought into their city jail.[24] She explained that when there are multiple inmates to be booked in, they're put in one of

---

[12] R.R. III: 166-67.
[13] R.R. III: 175.
[14] *See* TEX. PENAL CODE §49.01(2)(A) (defining intoxication).
[15] R.R. III: 169.
[16] R.R. III: 169.
[17] R.R. III: 169.
[18] R.R. III: 170.
[19] R.R. III: 171.
[20] R.R. III: 171.
[21] R.R. III: 171-72.
[22] R.R. III: 172.
[23] R.R. III: 201.
[24] R.R. III: 194.

two holding cells until the booking process is complete.[25] She also explained that when inmates are transferred to Galveston County Jail, the inmates are separated by gender and put into the two holding cells until they are moved.[26] Detention Officer Jackson said if there are inmates in the holding cells before a transfer happens, the inmates are moved to a different part of the booking area.[27]

Detention Officer Jackson testified the holding cell was under video surveillance, although the audio wasn't recorded.[28] The Trial Court admitted the video of Steele in the holding cell and his assault on the officers.[29]

Detention Officer Jackson testified and the video shows Steele was still in one of the holding cells when there was an inmate transfer.[30] Jackson testified they waited to move Steele until the inmate transfer officer got to the jail.[31] She testified the transfer officer was "Officer Eric Cisneros".[32]

Detention Officer Jackson testified when she went into the holding cell, Steele was on the ground with his shirt over his head.[33] She said he appeared to be sleeping.[34] She tapped Steele on the foot.[35] She testified she asked him to stand up so that they

---

[25] R.R. III: 196.
[26] R.R. III: 197-98.
[27] R.R. III: 198.
[28] R.R. III: 205-06; State's Exhibit 2.
[29] R.R. III: 206; State's Exhibit 2.
[30] R.R. III: 201; State's Exhibit 2.
[31] R.R. III: 201-02.
[32] R.R. III: 202.
[33] R.R. III: 203.
[34] R.R. III: 203.
[35] R.R. III: 202; State's Exhibit 2.

could move him to an intoxication cell.[36] He didn't respond to her.[37]

Detention Officer Jackson asked Officer Cisneros for help.[38] When Officer Cisneros walked into the cell and asked Steele to stand up because they were moving him to another cell to sleep, Steele responded, "Fuck you. Suck my dick."[39] Steele also stuck out his middle finger at Cisneros.[40]

Officer Cisneros didn't raise his voice and didn't curse at Steele.[41] The officer remained calm.[42] Cisneros asked Detention Officer Jackson to get Detention Officer Owens to help him.[43] Owens went into the cell and tried to help Cisneros.[44] Steele wouldn't get up and wouldn't respond to the officers' requests.[45] Detention Officer Owens testified Steele eventually responded to him by saying, "Fuck you. I'm not going anywhere."[46]

Officer Cisneros told Steele that if he didn't get up, he was going to pick him up and escort him to another cell.[47] Steele didn't respond.[48] Officers Cisneros and Owens

---

[36] R.R. III: 202-03.
[37] R.R. III: 203; State's Exhibit 2.
[38] R.R. III: 203.
[39] R.R. III: 204; IV: 11.
[40] R.R. III: 204.
[41] R.R. III: 204.
[42] R.R. III: 209.
[43] R.R. III: 204.
[44] R.R. III: 204.
[45] R.R. III: 204.
[46] R.R. III: 242.
[47] R.R. III: 205.
[48] R.R. III: 205.

reached down to pick Steele up by his arms.[49] Detention Officer Jackson testified and the video shows, the officers didn't jerk Steele up quickly.[50] But the video shows and Detention Officer Owens and Officer Cisneros testified that Steele stuck his arm out of his shirt and grabbed Cisneros's arm.[51]

Detention Officer Jackson testified she called dispatch and told them they needed assistance in the jail.[52] Officer Berg and Corporal Moreno came to help.[53]

The video shows Steele was combative as soon as the officers touched him.[54] He instantly began fighting and pulling the officers.[55] Officer Cisneros testified that during the assault he told Steele to stop resisting, that they didn't want anyone hurt, and they only wanted to move him.[56] Officer Cisneros testified Steele reached for his arms, chest, and neck.[57] Cisneros testified Steele scratched, hit, and kicked him.[58] The video shows Steele grabbed the officers.[59] The officers used their full bodies but were unable to restrain Steele.[60] Steele continued to fight.[61] The officers testified Steele kicked, hit, and

---

[49] R.R. III: 205, 243; State's Exhibit 2.
[50] R.R. III: 231; State's Exhibit 2.
[51] R.R. III: 243; IV: 15; State's Exhibit 2.
[52] R.R. III: 209.
[53] R.R. III: 171-71; 210.
[54] State's Exhibit 2.
[55] State's Exhibit 2.
[56] R.R. IV: 15.
[57] R.R. IV: 16.
[58] R.R. IV: 25.
[59] State's Exhibit 2.
[60] R.R. III: 251; State's Exhibit 2.
[61] R.R. III: 251; State's Exhibit 2.

scratched them.[62] The officers' mics for their radios came off during Steele's assault on them.[63] Officer Cisneros was able to get one cuff on Steele, but not the other.[64]

Once Corporal Moreno arrived, he was unable to help restrain Steele until he dry stunned Steele more than once.[65] Only then were the officers able to cuff Steele.[66] They left him in the holding cell.[67] The video shows Steele continued to be combative.[68] He was checked out by EMS and had no injuries.[69] Once Steele calmed down, Officer Berg and Corporal Moreno moved him to another cell.[70]

Officers Cisneros and Owens were both injured.[71] Both felt pain and were hurt.[72] Their injuries were photographed and they were sent to the hospital.[73] They received shots and had to take medications to ensure Steele didn't infect them with any diseases.[74]

The video corroborated the officers' testimonies.[75] Steele didn't testify and didn't call any witnesses.

## VI.  Conviction & Punishment

The charge conference is detailed below in response to Steele's first two issues.

---

[62] R.R. III: 243, 246-47; IV: 15-16, 19, 25, 46.
[63] R.R. III: 250-51; IV: 17-18; State's Exhibit 2.
[64] R.R. IV: 17; State's Exhibit 2.
[65] R.R. III: 265; State's Exhibit 2.
[66] R.R. III: 265; State's Exhibit 2.
[67] R.R. III: 212; State's Exhibit 2.
[68] State's Exhibit 2.
[69] R.R. III: 214.
[70] R.R. III: 213-14.
[71] R.R. III: 246-47; IV: 19.
[72] R.R. III: 247; IV: 24-25.
[73] R.R. III: 248; IV: 19-20; State's Exhibit 3-12 (photos of Officers Owens' and Cisneros' injuries).
[74] R.R. III: 248; IV: 19-20.
[75] State's Exhibit 2.

The jury convicted Steele on two counts of assault on a public servant for intentionally and knowingly causing bodily injury to Officers E. Cisneros and P. Owens by hitting, biting, kicking, scratching, or cutting them while they were lawfully discharging their official duty of attempting to restrain or control Steele.[76]

The jury found the two enhancements, for possessing a firearm by a felon and felony evading arrest, true.[77] After hearing Steele was also previously convicted for another evading arrest, another felon in possession of a firearm, multiple times for possession of cocaine, delivery of cocaine, possession of narcotic paraphernalia, felony possession of marijuana, and burglary of a building, the jury sentenced Steele to 50 years confinement in both cases.[78] This appeal followed.

---

[76] R.R. IV: 87; C.R. 3049: 59; C.R. 3050: 40.
[77] R.R. IV: 118; C.R. 3049: 67; C.R. 3050: 48.
[78] R.R. IV: 101-06, 118; C.R. 3049: 67; C.R. 3050: 48.

**FIRST ISSUE**

**A court must provide a lesser included offense instruction if the lesser offense's elements are proven by the same or less facts; if the injury is less serious; requires a less culpable mental state; or is an attempt of the greater offense.**

**How'd the Court err by refusing the instruction when resisting arrest isn't a lesser offense of assault on a public servant because resisting requires three elements that differ from the greater offense?**

## ARGUMENT AND AUTHORITIES

Steele contends the Trial Court erred by failing to include resisting arrest as a lesser included offense to assault on a public servant in its jury charge. Because several elements of resisting arrest are not the same as assault on a public servant, the Trial Court didn't err.

## V.    Standard Of Review Jury Charge Error

The reviewing court examines a claim of jury charge error using the two-step procedure set out in *Almanza*.[79] The appellate court first determines whether there is error in the charge.[80] If there's error, then the Court analyzes that error for harm.[81]

## VI.    Lesser Included Offense Relevant Law

---

[79] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *see Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

[80] *Barrios*, 283 S.W.3d at 350 (citing *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005)).

[81] *Celis v. State*, 416 S.W.3d 419, 423 (Tex. Crim. App. 2013) (citing *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012)).

A trial court's decision to submit or deny an instruction on a lesser included offense is reviewed for an abuse of discretion.[82] The reviewing court uses a two-step analysis to determine whether an appellant was entitled to a lesser included offense instruction.[83]

First, the lesser offense must be a lesser included offense as defined by Code of Criminal Procedure article 37.09.[84] Article 37.09 states an offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.[85]

Determining whether an offense is a lesser-included offense of the charged offense, is a question of law.[86] It does not depend on the evidence produced at trial.[87]

---

[82] *Threadgill v. State,* 146 S.W.3d 654, 666 (Tex. Crim. App. 2004).

[83] *Hall v. State,* 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993).

[84] *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); TEX. CODE CRIM. PROC. art. 37.09.

[85] TEX. CODE CRIM. PROC. art. 37.09.

[86] *Hall*, 225 S.W.3d at 535.

11

To determine if the lesser offense is a lesser included offense of the charged offense, the Court compares the elements of the charged offense, as modified by the particular allegations in the indictment, against the elements of the lesser offense.[88]

Only if this threshold is met, does the Court consider whether some evidence shows that if the appellant is guilty, he is guilty only of the lesser offense.[89]

## VII. The Elements Are Not The Same: Resisting Arrest Is Not A Lesser Included Offense Of Assault On A Public Servant

The indictments for assault on a public servant were the same, except for the officers' names. They alleged Steele:

> intentionally, knowingly, or recklessly cause bodily injury to E. Cisneros [P. Owens] by hiding the said E. Cisneros [P. Owens] with his hand and or by kicking the said E. Cisneros [P. Owens] with his foot and or leg and or by scratching and or cutting the said E. Cisneros [P. Owens] with his fingernail, and or biting the said E. Cisneros [P. Owens] with his teeth and the defendant did then and there know that the said E. Cisneros [P. Owens] was then and there a public servant, to-wit: a peace officer and or a detention officer and or an employee of the Texas City Police Department and that the said E. Cisneros [P. Owens] was then and there lawfully discharging an official duty, to-wit: attempting to restrain and or control the said Dennis Steel.[90]

Therefore, the elements of assault on a public servant, as modified by the indictment, are:

---

[87] *Id.*

[88] *Wortham v. State,* 412 S.W.3d 552, 555 (Tex. Crim. App. 2013); *Hall,* 225 S.W.3d at 536.

[89] *See Cavazos v. State,* 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); *Rice v. State,* 333 S.W.3d 140, 145 (Tex. Crim. App. 2011).

[90] C.R. 3049: 6 (indictment); C.R. 3050: 5 (indictment).

(1.) A person

(2.) intentionally, knowingly, or recklessly

(3.) caused bodily injury

(4.) to someone he knew was a public servant

(5.) and the public servant was lawfully discharging an official duty.[91]

The elements of resisting arrest are:

(1.) A person

(2.) intentionally

(3.) prevented or obstructed a peace officer from effecting an arrest, search,

or transport,

(4.) knowing the person was a peace officer,

(5.) by using force against the peace officer or another.[92]

Comparing the elements of the two offenses proves that at least three are not the same. First, the required mental states for the two offenses are different.[93] Resisting arrest can only be established if the defendant intentionally acted.[94] Assault on a public

---

[91] *Id.*; TEX. PENAL CODE § 22.01(a)(1), (b)(1).

[92] TEX. PENAL CODE § 38.03(a).

[93] *Johnson v. State*, 07-09-00251-CR, 2011 WL 677347, at *2 (Tex. App.---Amarillo Feb. 25, 2011, pet. ref'd) (comparing the elements of assault on a public servant and resisting arrest and finding resisting arrest proscribes only intentional conduct and assault on a public servant permits conviction on knowing or reckless culpable mental state); *Garcia v. State*, No. 01–05–01055–CR, 2006 WL 2885057, at *6 (Tex. App.---Houston [1st Dist.] Oct. 12, 2006, pet. ref'd) (holding several elements of resisting arrest are not the same as, or less than, those required for assault on a public servant---including resisting requires intentional conduct and assault on a public servant allows for knowing or reckless conduct).

[94] TEX. PENAL CODE § 38.03(a).

servant can be established if the defendant intentionally, knowingly, or recklessly acted.[95]

Second, assault on a public servant requires bodily injury.[96] Resisting arrest requires use of force, which may occur with no injury to the officer.[97]

Third, resisting arrest requires the officer to be arresting, searching, or transporting the defendant and assault on a public servant only requires the officer to be lawfully discharging an official duty.[98] The official duty is not limited to arresting, searching, or transporting.[99]

Because Steele can't meet the first prong of the lesser included offense analysis, this Court need not address the second prong. And because Steele can't show the Trial Court erred, this Court need not address whether he was harmed.

## VIII. Conclusion: Overrule

As evidenced by a plain reading of the Penal Code and as supported by the case

---

[95] TEX. PENAL CODE § 22.01(a)(1), (b)(1).

[96] TEX. PENAL CODE § 22.01(a)(1), (b)(1).

[97] TEX. PENAL CODE § 38.03(a); *see Gilmore v. State,* 44 S.W.3d 92, 96 (Tex. App.---Beaumont 2001, pet. ref'd).

[98] TEX. PENAL CODE § 38.03(a); TEX. PENAL CODE § 22.01(a)(1).

[99] *See Petersen v. State*, 01-11-00740-CR, 2012 WL 2106720, at *1 (Tex. App.---Houston [1st Dist.] June 7, 2012, no pet.) (holding resisting not a lesser included of aggravated assault on a public servant because the State only had to prove the victim officer was discharging an official duty, which may or may not involve an arrest) (citing *Gilmore*, 44 S.W.3d at 96 (holding that defendant was not entitled to instruction on resisting arrest as lesser-included offense of aggravated assault on this basis); *see also Dunklin v. State*, 194 S.W.3d 14, 22 (Tex. App.---Tyler 2006, no pet.) ("resisting arrest required proof of two elements the aggravated assault did not: (1) preventing or obstructing a peace officer from effecting an arrest and (2) using force against the peace officer"); *Garcia*, No. 01–05–01055–CR, 2006 WL 2885057, at *6 (holding in part that defendant was not entitled to instruction on resisting arrest as lesser-included offense of assault and stating, "[R]esisting arrest requires that the officer be in the act of making an arrest. Assaulting a public servant may occur at any time that the public servant is conducting his official duty.")).

law, resisting arrest is not a lesser included offense of assault on a public servant as modified by the indictments. Steele's first issue should be overruled.

**SECOND ISSUE**

**A court must provide a self-defense instruction if the defendant shows before he resisted an arrest or search, the officer used or attempted to use greater force than necessary.**

**How'd the Court err by refusing the instruction when Steele was already under arrest and wasn't being searched when he fought the officers and there was no evidence of unnecessary force?**

## ARGUMENT AND AUTHORITIES

In his second issue, Steele claims he's entitled to a reversal because the Trial Court refused to include a self-defense instruction in the jury charge. Steele argues he was entitled to the instruction because the officers used greater force than necessary when they attempted to transport him from one holding cell into another cell. Steele wasn't entitled to the instruction because 1.) the instruction does not apply to transport and 2.) Steele presented no evidence that the officers used greater force than necessary before he resisted.

## IV. Self-Defense Relevant Law

According to Penal Code § 9.31:

> (c) The use of force to resist an arrest or search is justified:
>
> (1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and

16

(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary.[100]

While a defendant is entitled to a self-defense instruction if it's raised by the evidence, whether that evidence is strong, weak, unimpeached, or contradicted, the right is limited.[101] By the plain language of the Penal Code, the use of force is limited to arrests and searches.[102] Moreover, the defendant cannot resist until after the officer uses unnecessary force.[103]

## V.     Steele Was Not Entitled To A Self-Defense Instruction

### A. Self-defense doesn't apply to Steele because he was already arrested when he assaulted the officers

At trial, Steele argued he was entitled to the self-defense instruction because force was applied to him when the officers attempted to transport him from one cell to another. Steele argued "there is no need for moving him. In their process of moving him, you know, he resists."[104] In his brief, Steele cites to Penal Code § 9.31(c) and states that use of force to resist applies to an arrest, search, or transport.[105] Steele misstates the law at trial and in his brief.

---

[100] TEX. PENAL CODE § 9.31(c).
[101] *Porteous v. State*, 259 S.W.3d 741, 747-48 (Tex. App.---Houston [1st Dist.] 2007, no pet.).
[102] TEX. PENAL CODE § 9.31(c).
[103] TEX. PENAL CODE § 9.31(c)(1).
[104] R.R. IV: 67.
[105] Steele's Brief p. 21.

As quoted above, self-defense against unnecessary force does not apply to transport.[106] It only applies to arrests and to searches.[107] A person is arrested when he's been actually placed under restraint or taken into custody by an officer.[108] An arrest is complete when a person's liberty of movement is successfully restricted or restrained, whether this is achieved by an officer's physical force or the defendant's submission to the officer's authority.[109] An arrest is complete if a reasonable person in the defendant's position would've understood the situation to constitute a restraint on freedom of movement of the degree that the law associates with formal arrest.[110]

As described above, Officer Berg testified that after he arrived at the crash scene, he handcuffed and took Steele into custody for suspicion of driving while intoxicated. He put Steele in his patrol car and took him to the Texas City Jail. At the jail, he took Steele into the intoxication investigation room. Steele performed several DWI tests, including providing a breath sample. Then Officer Berg took Steele into the holding cell until Steele's booking could be completed. Steele became combative only after he was in the holding cell and after Detention Officer Jackson told Steele he needed to move to another holding cell. Officer Berg had already arrested Steele when Steele assaulted the detention officer and the transport officer.

---

[106] *See* TEX. PENAL CODE § 9.31(c).
[107] *See* TEX. PENAL CODE § 9.31(c).
[108] TEX. CODE CRIM. PROC. art. 15.22.
[109] *Medford v. State,* 13 S.W.3d 769, 773 (Tex. Crim. App. 2000).
[110] *Id.*

Because Steele was already under arrest when he assaulted Detention Officer Owens and Officer Cisneros, Steele's biting, scratching, kicking, and hitting the officers couldn't have been in resistance to the already completed arrest.[111] Steele was not entitled to a self-defense instruction. The Trial Court did not err.

### B. Steele presented no evidence the officers used unnecessary force before he assaulted them

Even if self-defense somehow applied to transport, Steele hasn't provided any evidence that the officers used unnecessary force before he fought them. Steele points to the video and claims he didn't offer "any actual resistance with force" until the officers used greater force than necessary.[112] The video speaks for itself and corroborates the officers' testimonies.

To briefly summarize the video, it shows Detention Officer Jackson go into the cell and speak to Steele.[113] Steele did not get up, although he moved in response to her.[114] Then the video shows Officer Cisneros enter the cell and also speak to Steele.[115] Steele moved in response to the officer, but didn't get up.[116] Within seconds, Detention Officer Owens enters the cell and he and Officer Cisneros walked up to

---

[111] *See Young v. State*, 622 S.W.2d 99, 100 (Tex. Crim. App. 1981) (holding conduct after arrest is complete does not constitute resisting arrest); *see also Yarian v. State*, 2-04-015-CR, 2005 WL 852156, at *2 (Tex. App.---Fort Worth Apr. 14, 2005, pet. struck) (finding a  defendant's arrest complete when he was handcuffed and transported to the jail and, therefore, holding that biting the jailer couldn't have been resisting the already completed arrest).
[112] Steele's Brief p. 22.
[113] State's Exhibit 2 at approximately 34:15.
[114] State's Exhibit 2 at approximately 34:15.
[115] State's Exhibit 2 at approximately 34:45.
[116] State's Exhibit 2 at approximately 35:30.

Steele.[117] Officer Cisneros leaned down and moved Steele's shirt.[118] Steele moved again in response to the officer, but still didn't get up.[119] Then Officers Owens and Cisneros reached for Steele's arms and began lifting him to his feet.[120] The officers did not strike Steele, didn't kick him, and didn't jerk him quickly to his feet.[121] Steele immediately began pushing away from the officers.[122] As Steele fought, the officers got him to his feet.[123] After struggling with Steele, the three men fell to the ground and Steele continued to fight.[124] Steele fought even after help arrived.[125] The testimony discussed above and the video establishes Steele resisted the officers immediately.

Moreover, Steele provided no evidence at trial and no argument on appeal that the officers used greater force before Steele grew violent and began fighting them. Speaking to and then touching a defendant's arms to lift him does not constitute unnecessary force.[126]

---

[117] State's Exhibit 2 at approximately 35:40.
[118] State's Exhibit 2 at approximately 35:40.
[119] State's Exhibit 2 at approximately 35:40.
[120] State's Exhibit 2 at approximately 35:47.
[121] State's Exhibit 2 at approximately 35:47.
[122] State's Exhibit 2 at approximately 35:48.
[123] State's Exhibit 2 at approximately 35:53.
[124] State's Exhibit 2 at approximately 35:55.
[125] State's Exhibit 2 at approximately 37:40.
[126] *See Goddard v. State,* 154 S.W.3d 231, 231 (Tex. App.---Amarillo 2005, no pet.) (mere act of grabbing a suspect's arm or arms not excessive force); *see also Gonzales v. Kelley,* No. 01–10–00109–CV, 2010 WL 2650615 (Tex. App.---Houston [1st Dist.] 2010, no pet.) (reasonable for officer to believe use of TASER was justified to secure suspect in response to specific aggressive acts).

Steele also contends that he was "asleep, when the officers suddenly grabbed each of his arms and yanked him up."[127] There is no evidence, weak or strong, from any source that establishes Steele was asleep when Officers Owens and Cisneros entered the cell and attempted to transport him. To the contrary, the video and trial testimony shows Steele responded to the officers when they told him they needed him to move cells. The video shows Steele moving after each officer walked into the cell. Both Officer Cisneros and Owens testified Steele cursed at them when they separately told Steele he had to move. Additionally, Officer Cisneros testified Steele stuck his middle finger out at him and Officer Owens testified Steele told him he wasn't going to move.

## VI. Conclusion: Overrule

Steele hasn't shown he was entitled to the self-defense instruction.[128] The self-defense instruction doesn't apply to him because he was resisting a transport, not an arrest or a search. And even if it did apply to him, the evidence establishes Steele insistently physically resisted the officers. Moreover, Steele hasn't provided any evidence that the force exerted on Steele to lift him was unnecessary.

Steele's second issue should be overruled.

---

[127] Steele's Brief p. 22.
[128] *See Porteous*, 259 S.W.3d at 748 (finding Penal Code § 9.31(c) requires the defendant to show the officers used greater force than necessary before the justification of self-defense is applicable).

**THIRD ISSUE**

**Insufficient evidence only applies to the essential elements of the offense. The State only has to prove at trial that the victim is the same as in the indictment. The name isn't an essential element.**

**Viewing the evidence in the light most favorable to the verdict, Officer Cisneros testified Steele assaulted him. The officers identified Cisneros as the victim.**

**How's the evidence insufficient?**

## ARGUMENT AND AUTHORITIES

In his third issue, Steele claims the evidence is insufficient to prove he assaulted Officer E. Cisneros because when Officer Cisneros testified, he didn't tell the jury his first name started with an "E". The victim's name is not an essential element of assault on a public servant. Consequently, the State didn't have to prove the name; the State only had to prove the victim alleged in the indictment is the same person as the victim proved at trial. The State met its burden.

## V. Standard Of Review For Sufficiency Of The Evidence

When evaluating the legal sufficiency of the evidence, the reviewing court considers all of the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable

doubt.[129] The reviewing court defers to the factfinder's (1) resolution of conflicts in testimony; (2) evaluation of the credibility and weight of the evidence; and (3) responsibility to draw reasonable inferences from basic facts to ultimate facts.[130] This standard applies equally to circumstantial and direct evidence.[131] The reviewing court "is restricted to guarding against the rare occurrence when a factfinder does not act rationally."[132] Accordingly, the reviewing court must uphold the verdict unless a rational factfinder must have had a reasonable doubt as to any essential element.[133]

## VI. The Name Isn't An Essential Element Of Assault On A Public Servant

For Steele to succeed on his sufficiency of the evidence claim, the name of the victim must be a substantive element of the criminal offense as defined by state law.[134] It's not.

The Court of Criminal Appeals held in *Fuller* that the victim's name wasn't a substantive element in an injury to an elderly case because the Penal Code defined the offense as injury to an elderly individual and not injury to an elderly person named Olen M. Fuller.[135] (Olen M. Fuller was the victim.)[136] The same logic applies here.

---

[129] *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011).
[130] *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).
[131] *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009).
[132] *Isassi*, 330 S.W.3d at 638 (quoting *Laster*, 275 S.W.3d at 517).
[133] *Laster*, 275 S.W.3d at 518.
[134] *See Fuller v. State*, 73 S.W.3d 250, 252 (Tex. Crim. App. 2002).
[135] *Id.* at 253.
[136] *Id.* at 251.

Steele was charged with assault on a public servant.[137] The Penal Code explains a defendant commits assault on a public servant when he "intentionally, knowingly, or recklessly causes bodily injury to another" and the offense is committed against a person the defendant "knows is a public servant while the public servant is lawfully discharging an official duty."[138] The Penal Code defines a public servant as a person employed as an officer, employee, or agent of government.[139] In other words, the Penal Code defines the offense as assault on a public servant not assault on a public servant named E. Cisneros. In short, the victim's name isn't a substantive element of assault on a public servant.[140]

## VII. The Evidence Proves Steele Assaulted The Victim Named In The Indictment

The victim's name need not be proved with exactness, but the State was required to prove that the victim alleged in the indictment is the same person as the victim proved at trial.[141] The State met its burden.

There was no dispute at trial that one of the two officers Steele assaulted in the holding cell was the same person as alleged in the indictment. There wasn't a dispute at trial because the evidence proves the E. Cisneros in the indictment is the same Officer Cisneros that Steele assaulted on the holding cell video, that Detention Officers Jackson and Owens identified, and that took the stand to testify Steele assaulted him.

---

[137] C.R. 3049: 6 (indictment).
[138] TEX. PENAL CODE § 22.01 (a)(1), (b)(1).
[139] TEX. PENAL CODE § 1.07 (41)(A).
[140] *See Fuller*, 73 S.W.3d at 253.
[141] *See Johnson v. State*, 364 S.W.3d 292, 295 (Tex. Crim. App. 2012).

To summarize the evidence, the video of the holding cell establishes that two officers were assaulted by Steele. Detention Officer Owens identified himself as one of the officers. Officer Cisneros identified himself as the second officer.

As Steele admits in his brief, Detention Officer Jackson testified Officer Eric Cisneros was the transport officer that she asked to help her move Steele. She never identified another Officer Cisneros going into the holding cell with Steele.

The State called "Eric Cisneros" to the stand. A witness approached and was sworn in. When asked to introduce himself to the jury, he said his name is Officer Cisneros. At no point did anyone suggest a random person was sworn in to testify. The jury could reasonably conclude that when a witness answered to the State calling "Eric Cisneros" and a person came forward, was sworn as a witness, and testified that he is "Officer Cisneros", and was the victim of this crime than he is actually the "Eric Cisneros" named in the indictment.

During his testimony, Officer Cisneros identified himself on the video as one of the two officers attempting to transport Steele. He identified himself as one of the two people being hit, kicked, and scratched by Steele. Detention Officer Owens identified himself as the other officer assaulted by Steele.

Notably, no evidence contradicted Officer Cisneros's identity. There was also no evidence that another officer named Cisneros went into the holding cell and was also assaulted by Steele.

# VIII. Conclusion: Overrule

Viewing the evidence in the light most favorable to the verdict, the evidence establishes Steele was convicted of assaulting Officer Cisneros, which is the same victim as alleged in the indictment for cause number 13CR3049. Steele's third issue should be overruled.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that the judgment of the Trial Court be affirmed in all respects.

Respectfully submitted,

JACK ROADY
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS


/s/ *Rebecca Klaren*
REBECCA KLAREN
Assistant Criminal District Attorney
State Bar Number 24046225
600 59th Street, Suite 1001
Galveston, Texas 77551
Tel (409)770-6004/Fax (409)621-7952
rebecca.klaren@co.galveston.tx.us

27

## CERTIFICATE OF SERVICE

The undersigned Attorney for the State certifies a copy of the foregoing brief was sent via email, eFile service, or certified mail, return receipt requested, to Daniel Lazarine, attorney for Dennis Steele, at dlazarine@icloud.com or 440 Louisana, Suite 200, Houston, Tx 77002, on June 25, 2015.

/s/ Rebecca Klaren
REBECCA KLAREN
Assistant Criminal District Attorney
Galveston County, Texas

## CERTIFICATE OF COMPLIANCE

The undersigned Attorney for the State certifies this brief is computer generated, and consists of 5,752 words.

/s/ Rebecca Klaren
REBECCA KLAREN
Assistant Criminal District Attorney
Galveston County, Texas